**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-41336
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TAURUS KARTIK,

Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(6:96-CR-59-3)

September 3, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Taurus Kartik appeals his conviction following a jury trial for armed robbery of a bus, possession of a firearm during a crime of violence, and possession of a short-barreled shotgun during a crime of violence. Kartik argues that the district court's jury instruction on duress improperly placed the burden of proof on him and that, in any event, he demonstrated by a preponderance of the

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence that he acted under duress.

We reject Kartik's argument that the trial court incorrectly instructed the jury on duress. In the Fifth Circuit, "justification defenses are affirmative defenses," and the burden to establish each element of the duress defense rests with the defendant. *See United States v. Gant*, 691 F.2d 1159, 1165 (5th Cir. 1982). The trial court drew its instruction from the Fifth Circuit pattern jury instructions and correctly stated our law on duress.[1] *See United States v. Willis*, 38 F.3d 170, 179 (5th Cir. 1994).

We also reject Kartik's argument that he established by a preponderance of the evidence that he acted under duress. As the district court noted, the evidence tended to show that Kartik was under "serious coercion" from the other participants in the bus robbery. The district court, however, gave Kartik full latitude to present this argument to the jury; the jury simply rejected it. Because we review a jury verdict only to determine whether a rational trier of fact could not have "found the essential elements of the offense beyond a reasonable doubt," *United States v. Gallo*, 927 F.2d 815, 820 (5th Cir. 1991), we conclude that Kartik's challenge to the jury verdict must fail. Moreover, as a legal matter, in order to succeed on a duress defense, a defendant must show, *inter alia*, that no opportunity to escape or to avoid the threatened harm existed. *See United States v. Liu*, 960 F.2d 449,

---

[1] To the extent that Kartik argues that we should overrule our prior case law on duress, we note our firmly established rule that one panel lacks the power to overrule a binding decision of a prior panel. *See, e.g., Harris v. Sentry Title Co., Inc.*, 806 F.2d 1272, 1282 (5th Cir. 1987). Kartik should press this argument, if he so desires, to this court en banc or to the Supreme Court.

454 (5th Cir. 1992). Kartik had ample opportunity to call the police in the two days prior to the robbery. *See Gant*, 691 F.2d at 1164 (rejecting duress defense because defendant had the opportunity to call police, but did not do so).

AFFIRMED.